UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOEL S. REYNOLDS,

      Plaintiff,

  v.

SUNTRUST MORTGAGE, INC., and DOES 1-50,

      Defendants.
_____/

NO. CIV. 2:10-1508 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION FOR SUMMARY JUDGMENT

----oo0oo----

Plaintiff Joel S. Reynolds brought this action against defendant SunTrust Mortgage, Inc. ("SunTrust"), alleging wrongful foreclosure on plaintiff's home. Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

I.    Relevant Facts

In May of 2003, SunTrust issued plaintiff a mortgage loan of $189,500 ("the mortgage") that was secured by the deed of trust for plaintiff's residence, which is located at 860 Potsgrove Place, in Tracy, California ("Potsgrove residence").

1

1  (Reynolds Decl. ¶ 2 (Docket No. 17-2); Switzer Decl. ¶ 1, Ex. A
2  (Docket Nos. 14-14, 14-15).)
3           According to bank records, plaintiff fell behind on his
4  mortgage payments in 2005, but made up the deficiency by the end
5  of the year and was current on his payments entering 2006.
6  (Switzer Decl. ¶ 4.)  During 2007 and 2008, plaintiff failed to
7  pay several mortgage payments.  (Id. ¶¶ 6-8.)  Plaintiff paid
8  defendant funds sufficient to satisfy the outstanding payments in
9  April of 2008, (id. ¶ 9), and made his May 2008 payment in July
10 of 2008, (id. ¶ 10).  The May payment was the last payment
11 SunTrust received.  (Id.)
12          Plaintiff's mortgage loan went into default in August
13 of 2008 and defendant mailed plaintiff a letter alerting him of
14 this fact on August 5, 2008.  (Id. ¶ 10, Ex. B (Docket No. 14-
15 16.)  The letter was sent to the Potsgrove residence.  (Id.)  A
16 second letter was mailed to plaintiff on September 8, 2008,
17 informing him that, due to his continued default, defendant had
18 referred his account to an attorney to begin foreclosure.  (Id. ¶
19 11, Ex. C (Docket No. 14-17).)
20          ReconTrust, the organization defendant engaged to
21 handle the nonjudicial foreclosure of the Potsgrove residence,
22 caused a Notice of Default to be recorded on May 8, 2009.
23 (Quitana Decl. ¶ 2, Ex. A (Docket Nos. 14-1, 14-2.)  ReconTrust
24 mailed several copies of the Notice of Default to plaintiff's
25 residence.  (Id. ¶¶ 3-4, Exs. B, C, D (Docket Nos. 14-3, 14-4,
26 14-5).)
27          In December of 2009, a Notice of Trustee's Sale for
28 January 7, 2010, was recorded at ReconTrust's direction.  (Id. ¶

6, Ex. F (Docket No. 14-7).)  As no sale occurred on January 7, 2010, ReconTrust recorded a second Notice of Trustee's Sale, setting February 5, 2010, as the new date for the foreclosure sale of the Potsgrove residence.  (Id. ¶ 6, Ex. G (Docket No. 14-8).)  Several copies of the second Notice of Trustee's Sale were mailed to plaintiff at the Potsgrove residence.  (Id. ¶7, Ex. H (Docket No. 14-8).)  Additional copies were posted at the Potsgrove residence and published in a local newspaper.  (Id. ¶¶ 9-11, Exs. J, K (Docket Nos. 14-11, 14-12).)

   The Potsgrove residence was sold in a foreclosure sale on February 5, 2010, and the trustee's deed upon sale was recorded on February 17, 2010.  (Id. ¶ 12, Ex. L (Docket No. 14-13).)  The deed upon sale stated that "[a]ll requirements of law regarding the recording and mailing of copies of the Notice of Default and Election to Sell, and the recording, mailing, posting, and publication of the Notice of Trustee's Sale have been complied with."  (Id. Ex. L.)

   Plaintiff lived at the Potsgrove residence with Kimberly Pannell, his girlfriend of over twenty years.  (Bradford Decl., Ex. A at 15:3-5 (Docket No. 17-3).)  Plaintiff and Ms. Pannell were not married, although Ms. Pannell sometimes used the name "Kimberly Pannell-Reynolds."  (Id. at 15:8-25.)  Plaintiff and Ms. Pannell had an informal arrangement whereby they each contributed half of the monthly mortgage payments.  (Id. at 29:24, 34:19, 36:5-9; Reynolds Decl. ¶ 3.)

   Plaintiff did not make mortgage payments personally, rather he relied on Ms. Pannell to issue payments to SunTrust.  (Reynolds Decl. ¶ 3; Bradford Decl., Ex. A at 29:6-13.)  At some

3

point during 2006 or 2007, Ms. Pannell, without informing plaintiff, stopped making mortgage payments in a timely manner. (Bradford Decl., Ex. A at 39-40.)  She began instead to secretly divert funds that plaintiff believed were being paid to defendant to other destinations or to simply not cash the checks plaintiff paid to her with the intent that she use those funds to make mortgage payments.  (Id. at 36-37, 44, 49.)  She also intercepted letters sent to plaintiff by defendant regarding the mortgage account.  (Id. at 55.)

Plaintiff claims that, as a result of Ms. Pannell's actions, he was unaware that he had missed any payments due on the mortgage.  He claims he was also unaware that the Potsgrove residence was in default, was foreclosed upon, or was sold until a neighbor informed him that he had discovered that the Potsgrove residence had been sold.  (Reynolds Decl. ¶¶ 5-8.)  In his separate statement of undisputed facts, plaintiff does not claim that defendant failed to properly notice the default and trustee's sale, as required under California law (see, e.g., Docket No. 17-1 ¶¶ 4, 5, 6, 9, 11, 12); he only asserts that he never received any of the required notices and was never contacted prior to the entry of default (id.; Reynolds Decl. ¶¶ 5, 7).

II.  Discussion

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

4

P. 56(a).[1]  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial.  Id.  Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Id. at

---

[1]  Federal Rule of Civil Procedure 56 was revised and rearranged effective December 1, 2010.  However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

5

255.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

"It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." 6 Angles, Inc. v. Stuart-Wright Mortg., Inc., 85 Cal. App. 4th 1279, 1287 (2d Dist. 2001) (quoting Bank of Am. Nat. Trust & Sav. Ass'n v. Reidy, 15 Cal. 2d 243, 248 (Cal. 1940)).  California Civil Code sections 2924 through 2924k provide "a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (2d Dist. 1994).  "The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." Id. at 830.

    A.    Procedural Irregularities

"A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" Melendrez v. D & I Inv., Inc., 127 Cal. App. 4th 1238, 1258 (6th Dist. 2005) (quoting Brown v. Busch, 152 Cal. App. 2d

6

200, 204 (3d Dist. 1957)).  A party seeking to set aside a foreclosure sale bears the burden of overcoming this presumption and, to do so, must present "substantial evidence of prejudicial procedural irregularity."  Id. at 430-31 (citing 6 Angles, 85 Cal. App. 4th at 1284; Hatch v. Collins, 225 Cal. App. 3d 1104, 1113 (1st Dist. 1990)).

        Plaintiff offers a declaration stating that he never received or saw any notices of default, foreclosure, or pending sale required under California law.  As one California court has "pointedly emphasize[d]," however, "Civil Code sections 2924-2924h, inclusive, do not require actual receipt by a trustor of a notice of default or notice of sale.  They simply mandate certain procedural requirements reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent."  Lupertino v. Carabahal, 35 Cal. App. 3d 742, 746-47 (3d Dist. 1973), cited in Knapp v. Doherty, 123 Cal. App. 4th 76, 88 (6th Dist. 2004); see also Quinteros v. Aurora Loan Servs., 740 F. Supp. 2d 1163, 1168-69 (E.D. Cal. 2010).

        Because plaintiff has not presented evidence sufficient to overcome the common law presumption that a nonjudicial foreclosure sale is properly and fairly conducted or presented evidence which would dispute defendant's claim that it complied with nonjudicial foreclosure procedures, plaintiff has not raised a triable issue of material of fact regarding alleged procedural irregularities, and defendant is entitled to judgment in its

favor as a matter of law. Knapp, 123 Cal. App. 4th at 86-88.[2]

  Plaintiff additionally asserts that the Notice of Default is voidable as it was filed in violation of California Civil Code section 2923.5. (Pl.'s Opp'n to Mot. for Summ. J. at 4.) As plaintiff correctly points out, there is a dispute as to whether section 2923.5 is preempted by the Home Owners Loan Act ("HOLA"). Compare Wornum v. Aurora Loan Servs., Inc., No. C-11-02189, 2011 WL 3516055, at *7-9 (N.D. Cal. Aug. 11, 2011); Giordano v. Wachovia Mortg., FSB, No. 5:10-cv-04661, 2010 WL 5148428, at *3-4 (N.D. Cal. Dec. 14, 2010) (preemption) with Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (4th Dist. 2010) (no preemption). Even if the court were to follow the line of cases holding that section 2923.5 is not preempted, no set of facts would permit plaintiff to have the completed foreclosure sale set aside on account of a violation of section 2923.5.

  Mabry held that section 2923.5 was not preempted by HOLA only because the court narrowly read section 2923.5 to provide that "[t]he only remedy provided [for a violation of section 2923.5] is a postponement of the [foreclosure] sale before it happens." Mabry, 185 Cal. App. 4th at 235. Here, the

---

[2] Additionally, under California's nonjudicial foreclosure statutes, "[i]f the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." Cantu v. CitiMortgage, Inc., No. CV F 10-2334, 2010 WL 5394777, at *9 (E.D. Cal. Dec. 21, 2010) (quoting Moeller, 2 Cal. App. 4th at 831). Here, the trustee's deed recites that notice and procedural requirements were followed in the sale of the Potsgrove residence. Nowhere does plaintiff claim that defendant, the purchaser of the Potsgrove residence, is not a bona fide purchaser.

foreclosure sale has already occurred and so any non-compliance under section 2923.5 is immaterial.

    B.    <u>Fraud</u>

An action to set aside a trustee's sale is an equitable action. <u>Raedeke v. Gibraltar Sav. & Loan Ass'n</u>, 10 Cal. 3d 665, 671 (Cal. 1974). Courts "have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree . . . or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." <u>6 Angels</u>, 85 Cal. App. 4th at 1287 (quoting <u>Reidy</u>, 15 Cal. 2d at 248). Plaintiff relies on the fraud perpetrated upon him by Ms. Pannell, a third party to the mortgage and the foreclosure sale, to show that equity demands that the foreclosure sale be set aside.

While in some circumstances fraud may justify setting aside a foreclosure sale, <u>see e.g.</u>, <u>Susilo v. Wells Fargo Bank, N.A.</u>, --- F. Supp. 2d ----, 2011 WL 2471167, at * 9, *13 (C.D. Cal. 2011) (plaintiff adequately plead action for wrongful foreclosure where plaintiff alleged defendant made promises about curing default, reinstating loan, and delaying foreclosure sale that defendant never intended to adhere to), the court is aware of no authority, and plaintiff has provided no authority, to support the proposition that a fraud perpetrated by a third party to the foreclosure sale, in which the foreclosing party was not involved and of which the foreclosing party was unaware, may provide grounds for a wrongful foreclosure claim. The court's skepticism that equity would demand that an innocent party be punished for the fraudulent actions of another actor is supported

by the "well established" rule that in an action for wrongful foreclosure where plaintiff alleges fraud on the part of the foreclosing party, a subsequent good faith purchaser for value and without notice of a fraud "takes title free on any equity of the person thus defrauded." Melendrez, 127 Cal. App. 4th at 1257 (quoting Strutt v. Ontario Sav. & Loan Ass'n, 11 Cal. App. 3d 547, 554 (4th Dist. 1970)).

Plaintiff does not claim that the bank was aware of Ms. Pannell's actions. The risk that Ms. Pannell might not make payments on the mortgage was one that plaintiff assumed when he chose to cede responsibility for payments on his mortgage to another person. Further, it was a risk that he was in a better position to protect against than defendant. Setting aside a properly conducted foreclosure sale because, unbeknownst to defendant, plaintiff was duped by a stranger to the foreclosure sale would neither do equity nor advance the purposes of California's nonjudicial foreclosure scheme.

Plaintiff chose to rely on Ms. Pannell to oversee mortgage payments on the Potsgrove residence. He evidently trusted her enough that he did not feel that it was necessary to keep himself informed of the status of his account. In the end, it appears that his trust was misplaced. It is regrettable that plaintiff has lost his home due to the actions of another, however fault cannot be laid at the bank's feet. If plaintiff's allegations are true, any equitable claims he may have regarding the loss of the Potsgrove residence would more appropriately be directed against Ms. Pannell.

IT IS THEREFORE ORDERED that SunTrust's motion for

10

Case 2:10-cv-01508-WBS -DAD   Document 23   Filed 11/23/11   Page 11 of 11

1  summary judgment be, and the same hereby is, GRANTED.

2  DATED:  November 22, 2011

```
                          WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE
```